(No. 3196—                )

THOMAS F. SHORTELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant is a physician and surgeon engaged in the practice of his profession in the City of Chicago, Illinois. John Conlin was an Illinois State Highway Maintenance Policeman, who, on March 24, 1935, was driving a motorcycle owned by the State of Illinois during the course of his employment, and while going westward on Jackson Blvd., was struck by a car and suffered various injuries, necessitating his becoming a patient at the Cook County Hospital. Plaintiff treated the injured employee on April 1, 1935 and continued giving him professional care until July 15th. Conlin had suffered serious cuts across the right eye, nose and forehead, making it impossible for him to close the eye. Medical treatments were administered for the purpose of making it possible to more nearly close the eye, during his sleeping moments. The care given Conlin was authorized by Lieutenant Frank Jarzembowski, his superior in the department. A report made by Engineer of Claims, M. K. Lingle, states that the injury received by Conlin was brought to a permanent stage about July 15, 1935 by the treatments administered by Dr. Shortell. At the conclusion of claimant's services a bill was submitted to Walter Williams, Superintendent of the Illinois State Highway Maintenance Police, and the latter was of the opinion that the services were essential and that the fees were reasonable and customary, but as he believed that the third party who had injured Conlin was responsible for the medical care, he did not submit the bill of the claimant for payment. Meanwhile, the appropriation from which the bill could have been paid lapsed, and the bill has never been paid. At the time such appropriation lapsed there remained therein sufficient unexpended balances to pay for the services rendered.

The record discloses that the employee John Conlin and the State of Illinois were governed at the time of the accident in question and of the rendering of the medical care, by the Workmen's Compensation Act of Illinois.

Under Sub-section (a), Section 8 of the Act the employer in such case is obligated to furnish the medical services necessitated by an injury sustained by the employee which arises out of and in the course of the employment.

"Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same."

Rock Island Sand & Gravel Co. vs. State, 8 C. C. R. 165.

An award is therefore hereby made in favor of claimant in the sum of One Hundred Ninety-five ($195.00) Dollars.